FILED
SCRANTON

JUN 2 7 2011

PER ⸺
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA A. ANDERSON, <br> Plaintiff, <br> <br> v. <br> <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br> Defendant | : <br> : <br> : **CIVIL ACTION NO. 3:10-0423** <br> : <br> : (JUDGE NEALON) <br> : <br> : (MAGISTRATE JUDGE MANNION) <br> : |

## MEMORANDUM and ORDER

On February 24, 2010, Plaintiff, Brenda Anderson, filed a complaint seeking review of the Commissioner of Social Security Administration's denial of her claim for disability insurance benefits. (Doc. 1). A Report was issued by United States Magistrate Judge Malachy E. Mannion on February 25, 2011, recommending that the appeal be denied. (Doc. 30). After being granted a motion for extension of time, Plaintiff filed objections to the Report and Recommendation ("R&R") on April 11, 2011 and Defendant filed a response on April 25, 2011. (Docs. 33, 34). The matter is ripe for resolution, and for the reasons set forth below, the R&R will be adopted and the appeal will be denied.

## Standard of Review

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further,

the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7. When no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.).

## Background

Plaintiff filed an application for disability insurance benefits on April 3, 2003 alleging disability since December 13, 2002 due to hypertension, diabetes, fibromyalgia, asthma, osteoarthritis, and chronic fatigue. (TR. 40, 55). After her request for benefits was denied at the initial level, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (TR. 40). A hearing was held before ALJ Janet R. Landesberg on March 14, 2005, which resulted in a decision, unfavorable to Plaintiff, being issued on April 28, 2005. (TR. 45-51, 531-565). Plaintiff then requested review by the Appeals Council, which granted review. (TR. 53-54). The Appeals Council remanded the case because Plaintiff had submitted additional evidence which suggested that she may have been suffering from a severe mental impairment before the expiration of her insured status. (TR. 53-54). A second hearing was held before ALJ Landesberg on July 18, 2006. (TR. 566-596). The ALJ again denied benefits on September 14, 2006. (TR. 24-36). Plaintiff requested review by the Appeals Council, which denied the request. Plaintiff then requested that the Appeals Council reopen the decision, but the Appeals Council

Case 3:10-cv-00423-WJN Document 35 Filed 06/27/11 Page 3 of 16

denied the request to reopen. (TR. 686-687). However, the Commissioner filed a motion to remand when it was discovered that evidence had not been admitted into the record before the Appeals Council denied the request to reopen. (TR. 690, 693-695, 692). The motion to remand was granted and on October 18, 2007, the Appeals Council remanded the case to a new ALJ. (TR. 689-699).

A third ALJ hearing was held before ALJ Jonathan L. Wesner on January 23, 2008. (TR. 792-834). ALJ Wesner issued a decision on February 27, 2008 denying Plaintiff benefits. (TR. 624-628). Plaintiff requested review by the Appeals Council, which denied review, making the decision of the ALJ final. The instant appeal followed. (Doc. 1).

On September 20, 2010, Plaintiff filed a brief in support of her appeal. (Doc. 14). The Government filed an opposing brief on November 24, 2010. (Doc. 22). Plaintiff filed a reply brief on January 3, 2011. (Doc. 28). The Magistrate Judge issued a Report on February 25, 2011, recommending that the appeal be denied. (Doc. 30). Plaintiff filed timely objections to the R&R on April 11, 2011 and Defendant filed a response on April 25, 2011. (Docs. 33, 34).

## Disability Determination Process

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits. See 20 C.F.R. § 404.1520. If at any step in the process the Commissioner finds that a plaintiff is disabled or not disabled, review does not proceed any further. 20 C.F.R. §§ 404.1520, 416.920. The steps in the process are as follows: (1) Is the individual engaging in substantial gainful activity? (2) Does the individual have a severe impairment? (3) Does the individual have an impairment which meets or equals the

listing of impairments as set forth in 20 C.F.R. part 404, subpart P, appendix 1? (4) Does the individual retain the residual functional capacity ("RFC") to engage in his/her past relevant work? and (5) If an individual does not have the capacity to engage in his/her past work, does s/he retain the capacity to perform jobs which exist in significant numbers in the national economy? See Social Security Ruling 86-8; 20 C.F.R. § 404.1520.

The disability determination involves shifting burdens of proof. Mason v. Shalala, 994 F.2d 1058, 1063-64 (3d Cir. 1993). The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. Id. at 1064. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

## **Discussion**

At the third ALJ hearing on January 23, 2008, Plaintiff, represented by counsel, testified, her husband testified, and a vocational expert testified. (TR. 792-834). After the hearing, ALJ Wesner issued a decision and concluded that Plaintiff was not disabled. (TR. 624-638). The ALJ proceeded through the sequential evaluation process and determined that Plaintiff had not engaged in substantial gainful activity at any time from her alleged onset date, December 13, 2002, through the date last insured, ("DLI"), December 31, 2004. (TR. 626). The ALJ next determined that, through the DLI, Plaintiff suffered from the severe impairments of osteoarthritis, mild asthma, obesity, mitral valve prolapse, and fibromyalgia. (TR. 626). The ALJ also determined that Plaintiff suffered from the non-severe impairments of hypertension, diabetes, and mental disorders at the time of her DLI. (TR. 627). However, the ALJ determined that, through

the DLI, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listing requirements. (TR. 630-631). The ALJ then found that Plaintiff could not perform her past relevant work, but she retained the residual functional capacity to perform a restricted range of sedentary work. (TR. 631-636). The ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (TR. 636-638). Plaintiff was therefore found to be not disabled within the meaning of the Social Security Regulations at any time from her alleged onset date, December 13, 2002, through the DLI, December 31, 2004. (TR. 638). Plaintiff sought review of the ALJ's decision, however the Appeals Council denied review and Plaintiff appealed to this Court. In the Report and Recommendation, the Magistrate Judge determined that there is substantial evidence supporting the ALJ's determination. (Doc. 30).

The Magistrate Judge thoroughly discussed each of Plaintiff's arguments, namely: (1) the ALJ failed to give appropriate weight to opinions of treating sources; (2) the ALJ erroneously discounted all evidence which did not already exist as of the DLI, in violation of SSR 83-20 and the remand order; (3) the ALJ wrongly relied on the testimony of the prior medical expert, who did not have much of the evidence; (4) the ALJ failed to properly evaluate the credibility of Plaintiff's family; (5) the ALJ erred in finding that Plaintiff's mental impairments were not severe or disabling before her DLI; (6) the ALJ wrongly held that Plaintiff could utilize transferable skills; (7) the ALJ wrongly determined Plaintiff's RFC and failed to include any of Plaintiff's mental limitations in his hypothetical questions to the vocational expert; (8) the ALJ's findings of fact and conclusions of law were not supported by substantial evidence; and, (9) the matter should be reversed. (Doc. 30).

Plaintiff filed the following objections to the R&R: (1) the Magistrate Judge erred in determining that the ALJ properly evaluated the opinions of the treating physicians and medical providers; (2) the Magistrate Judge erred in determining that the ALJ properly evaluated the credibility of Plaintiff and her family members; (3) the Magistrate Judge erred in determining that the ALJ was not required to consider evidence that post-dated the relevant period; (4) the Magistrate Judge wrongly stated that substantial evidence supports the ALJ's finding that Plaintiff did not have a mental impairment prior to her DLI; and (5) the Magistrate Judge erred in determining that the ALJ properly determined Plaintiff's RFC and that the ALJ did not err in his hypothetical questions. (Doc. 33). The Government filed a response to the Plaintiff's objections arguing that the Magistrate Judge did not err in his R&R. (Doc. 34).

### *The ALJ properly evaluated the opinions of Plaintiff's treating physicians*

The ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(d). The better an explanation a source provides for an opinion, particularly through medical signs and laboratory findings, the more weight the ALJ will give that opinion. 20 C.F.R. § 404.1527(d)(3). While treating physicians' opinions may be given more weight, there must be relevant evidence to support the opinion. 20 C.F.R. § 404.1527(d). Automatic adoption of the opinion of the treating physician is not required. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). In addition, the issue of disability determination is reserved to the Commissioner. 20 C.F.R. § 416.927(e)(3).

In the brief in support of her appeal, Plaintiff argues that the ALJ failed to properly evaluate the opinions of her treating physicians, specifically those of Carole A. Dorsch, M.D.,

and Puneet K. Gupta, D.O. (Doc. 14, pgs. 12-13). The Magistrate Judge determined that the ALJ properly evaluated the opinions of Dr. Dorsch and Dr. Gupta. (Doc. 30, pgs. 13-24). In her objections, Plaintiff now argues that the ALJ erred in his evaluation of the opinions of Dr. Dorsch, Dr. Gupta, John Surry, M.D. and Christine Phillips, M.D. (Doc. 33, pgs. 5-11). The Government states that Plaintiff initially only argued that the ALJ did not give appropriate weight to the opinions of Drs. Dorsch and Gupta and, in her objections, she also states that the ALJ failed to give appropriate weight to the opinions of Drs. Surry and Phillips. (Doc. 34, pg. 3). The Government states that Plaintiff did not raise these objections in the brief in support of her appeal and therefore cannot now raise them for the first time in her objections. (Doc. 34, pgs. 3-4). Further, the Government states that even if the Court considered these arguments, substantial evidence supports the ALJ's assessment of the medical evidence. (Doc. 34, pg. 4).

The Government states that the ALJ considered the opinion of treating physician Dr. Surry and accorded great weight to his opinion that Plaintiff was not disabled in July 2003. (Doc. 34, pgs. 7-8; TR. 633). Regarding Dr. Phillips' opinion, the Government argues that Plaintiff may not support evidence from the relevant period with evidence that does not pertain to the relevant period; substantial evidence shows that Plaintiff's fibromyalgia was stable with medication; Plaintiff may not rely on diagnoses alone to show that she is disabled; and, progress notes reveal that Plaintiff did not have functional limitations that precluded her from working. (Doc. 34, pgs. 9-10).

Government counsel also argues that Plaintiff incorrectly refers to social worker Thomas W. Murray as a "doctor." (Doc. 34, pgs. 11-12). Acceptable medical sources include only licensed physicians, licensed or certified psychologists (including school psychologists), licensed

optometrists, licensed podiatrists, and qualified speech-language pathologists. See 20 C.F.R. §§ 404.1513, 416.913. Thus, social workers are not acceptable medical sources and Mr. Murray's opinion was not entitled to controlling weight. Additionally, the Magistrate Judge states that neither Mr. Murray nor any of Plaintiff's physicians ever recommended that Plaintiff undergo mental health treatment and Plaintiff was not Mr. Murray's patient, she was attending the sessions with her husband. (Doc. 30, pg. 37-38).

The Magistrate Judge thoroughly considered the opinions of Dr. Dorsch and Dr. Gupta and determined that the ALJ properly evaluated the medical source evidence. (Doc. 30, pgs. 13-24). The Magistrate Judge did not specifically evaluate the opinions of Dr. Surry and Dr. Phillips because Plaintiff did not reference them in her opening brief. Therefore, Plaintiff has waived this issue. See Warren G. v. Cumberland County School District, 190 F.3d 80, 84 (3d Cir. 1999); Wilson v. Astrue, 2011 WL 2036673 (E.D. Pa. May 24, 2011) (issues not raised to the Magistrate Judge and raised for the first time during objections are waived). Upon review, the Magistrate Judge did not err in his evaluation of the treating physicians and his determination that substantial evidence supports the ALJ's evaluation of these opinions.

### *Credibility Analysis*

The Magistrate Judge next determined that substantial evidence supports the ALJ's credibility analysis. (Doc. 30, pgs. 24-29). In her objections, Plaintiff argues that the ALJ erred in finding that her testimony regarding the severity of her limitations was not credible. (Doc. 33, pg. 12). Government counsel argues that this is the first time Plaintiff raised this argument and therefore it is waived. (Doc. 34, pg. 16). See Warren G., 190 F.3d at 84 ("An issue is waived

unless a party raises it in its opening brief."). Regardless, the Government argues that Plaintiff's complaints of pain and limitations were not entirely credible. (Doc. 34, pg. 16).

Plaintiff also argues that the Magistrate Judge erred in accepting the ALJ's credibility analysis of Plaintiff's family and the Magistrate Judge erred by stating that the ALJ considered the statements made by family members. (Doc. 33, pgs. 11-13). Plaintiff states that the ALJ "categorically disregarded" the statements of Plaintiff's family members because they were prepared several years later at the request of counsel and were not supported by the medical evidence. (Doc. 33, pg. 13).

"'[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.' Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997); see also Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991) ('We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.')." Frazier v. Apfel, 2000 WL 288246 (E.D. Pa. 2000). The Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529. First, symptoms, such as pain, shortness of breath, fatigue, et cetera, will only be considered to affect a claimant's ability to perform work activities if such symptoms result from an underlying physical or mental impairment that has been demonstrated to exist by medical signs or laboratory findings. 20 C.F.R. § 404.1529(b). Once a medically determinable impairment that results in such symptoms is found to exist, the Commissioner must evaluate the intensity and persistence of such symptoms to determine their impact on the claimant's ability to work. 20 C.F.R. § 404.1529(b). In so doing, the medical evidence of record

is considered along with the claimant's statements. 20 C.F.R. § 404.1529(b). Social Security Ruling 96-7p gives the following instructions in evaluating the credibility of the claimant's statements:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

SSR 96-7p.

The ALJ reviewed the medical records and the treating and examining physicians' notes. He also considered Plaintiff's testimony regarding her pain and daily activities and capabilities. He noted that Plaintiff sought treatment from doctors who were more sympathetic to her symptoms and changed doctors when they would did not provide treatment to her liking. (Doc. 30, pg. 25; TR. 632). The Magistrate Judge did not err in determining that substantial evidence supports the ALJ's credibility analysis and adequately considered statements made by Plaintiff's family members and sufficiently stated why he accorded little weight to their opinions. (Doc.30, pgs. 28-29).

### *Evidence outside the Relevant Period*

Plaintiff argues that SSR 83-20 requires the ALJ to consider evidence that post-dated the relevant period. (Doc. 14, pgs. 13-14). The Government argues that Plaintiff erroneously relies on Social Security Ruling 83-20 to argue that the ALJ must consider evidence that post-dated the

relevant period even if that evidence did not pertain to the relevant period. (Doc. 34, pgs. 10-11). Additionally, the Government asserts that SSR 83-20 does not apply to the present matter because Plaintiff was not found to be disabled. (Doc. 34, pg. 11).

Social Security Ruling 83-20 sets forth the policy, and describes the relevant evidence to be considered, when establishing the onset date of disability. SSR 83-20 defines the onset date of disability as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20. When determining the onset date of disability, the ALJ should consider: (1) the claimant's allegations; (2) the claimant's work history; and (3) the medical and other evidence. SSR 83-20. Further, SSR 83-20 provides, in part:

> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

SSR 83-20.

When "the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor." Newell v. Commissioner of SSA, 347 F.3d 541, 549 (3d Cir. 2003) (citing DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991)). Here, the ALJ elicited testimony from a medical expert regarding Plaintiff's case.

The Magistrate Judge notes that Plaintiff applied for disability insurance benefits, not supplemental security income, therefore he was not required to determine whether Plaintiff became disabled at any time up to the date of the ALJ's decision. (Doc. 30, pgs. 30, 45). If Plaintiff had applied for both, the ALJ would have had to determine whether she became

disabled at any time up to the date of the ALJ's decision. (Doc. 30, pgs. 30-31). The Magistrate Judge determined that this argument is irrelevant because the onset date of Plaintiff's alleged disability is not in dispute; the ALJ elicited testimony from medical expert Dr. Janosko; and, the ALJ adequately considered all evidence from the relevant period and beyond. (Doc. 30, pgs. 31-34). Upon review, the Magistrate Judge did not err in determining that the ALJ was not required to consider evidence that post-dated the relevant period.

### *Plaintiff did not have a Mental Impairment prior to her Date Last Insured*

Plaintiff next argues that the ALJ erred in evaluating her alleged mental impairments and erred at step two of the sequential evaluation by finding that she did not have a severe mental impairment. (Doc. 14; Doc. 28). The Magistrate Judge thoroughly reviewed the ALJ's evaluation of Plaintiff's alleged mental impairments and determined that substantial evidence supports the ALJ's finding that Plaintiff does not have a severe mental impairment. (Doc. 30, pgs. 34-46).

The Government states that there is no evidence during the relevant period by any treating source that Plaintiff had disabling anxiety. (Doc. 34, pg. 13). Further, the Government argues that the ALJ properly relied on the opinion of Dr. Janosko, the psychiatric medical expert who testified at the ALJ hearing. (Doc. 34, pg. 14).

The ALJ considered the opinions of the treating physicians, social worker Thomas Murray, the state agency psychologist Dr. Gavazzi and the psychiatric medical expert Dr. Janosko. (TR. 627-629). Based on his evaluation, the ALJ accorded great weight to Dr. Janosko's opinion, finding it consistent with the evidence of record. (TR. 629). The Magistrate

Judge determined that substantial evidence supports the ALJ's evaluation of Plaintiff's alleged mental impairments, substantial evidence indicates that they were not severe and that Plaintiff was able to function despite her alleged severe mental impairments. (Doc. 30, pg. 34-46).

The ALJ evaluated Plaintiff's alleged mental impairments pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. Pursuant to the "B" criteria of the listings, the ALJ determined that Plaintiff had only mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties maintaining concentration, persistence or pace, and no episodes of decompensation. (TR. 629-630); 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ also found that Plaintiff failed to meet the "C" criteria of the listings. (TR. 630); 20 C.F.R. Pt. 404, Subpt. P, App. 1. Therefore, the ALJ found that Plaintiff's mental impairments were non-severe. (TR. 630). The Magistrate Judge did not err in determining that substantial evidence supports the ALJ's finding Plaintiff did not have a severe mental impairment.

### *The ALJ did not err in determining Plaintiff's Residual Functional Capacity and in Posing Hypothetical Questions to the Vocational Expert*

Lastly, Plaintiff argues that the ALJ erred in not including her alleged mental impairments in the residual functional capacity assessment and in not including her alleged mental impairments in the hypothetical questions presented to the vocational expert. (Doc. 30, pg. 46). The Magistrate Judge determined that the ALJ did not err in his RFC determination. He noted that Plaintiff failed to show that she had a mental impairment prior to her date last insured and, therefore, the ALJ was not required to include any mental limitations in the hypothetical questions. Government counsel argues that Plaintiff's mild mental limitations were not of

13

importance during the relevant time period because Plaintiff worked as a cleaner and Mystery Shopper. (Doc. 34, pg. 17).

A hypothetical question must include all of a claimant's impairments which are supported by the record. Ramirez v. Barnhart, 372 F.3d 546, 553-55 (3d Cir. 2004); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). One which omits limitations is defective and the answer thereto cannot constitute substantial evidence to support denial of a claim. Id. However, "[w]e do not require an ALJ to submit to the vocational expert every impairment *alleged* by a claimant." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis in original).

At the hearing on January 23, 2008, the vocational expert testified that Plaintiff would be capable of performing a range of sedentary work. (TR. 829-832). The ALJ determined that Plaintiff did not have a severe mental impairment and therefore did not include this alleged impairment in the hypothetical questions posed to the vocational expert. When an ALJ's hypothetical question to a vocational expert sets forth the Plaintiff's limitations, as supported by the record, the vocational expert's response may be accepted as substantial evidence in support of the ALJ's determination that the Plaintiff is not disabled. See Chrupcala, 829 F.2d at 1276. Therefore, the vocational expert's response, identifying sedentary jobs the Plaintiff could perform, constitutes substantial evidence in support of the ALJ's determination that the Plaintiff was not disabled under the Act and substantial evidence supports the Magistrate Judge's evaluation. (TR. 829-832).

**Conclusion**

Based on the foregoing, the Magistrate Judge's Report and Recommendation will be adopted. An appropriate order follows.

**Date:** June 27, 2011

_____
**United States District Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA A. ANDERSON,<br>Plaintiff, | : <br> : <br> :    **CIVIL ACTION NO. 3:10-0423** |
| v. | : <br> :    (JUDGE NEALON) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Defendant | : <br> :    (MAGISTRATE JUDGE MANNION) <br> : |

## ORDER

AND NOW, this \_\_27th\_\_ day of June, 2011, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Objections (Doc. 33) to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 30) is **ADOPTED**.

3. Plaintiff's appeal of the Commissioner's decision is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.

_____
**United States District Judge**